# Court of Appeals
# of the State of Georgia

ATLANTA,  November 15, 2017

*The Court of Appeals hereby passes the following order:*

## A18D0155. TERRY M. SCARBOROUGH v. BRIAN KEMP, SECRETARY OF STATE.

In 2005, Terry M. Scarborough conducted a survey of the boundary line between Bibb County and Monroe County, which Bibb County contested. Multiple subpoenas have been issued requiring Scarborough to appear at administrative hearings in this ongoing case. After Scarborough's repeated failure to appear, Brian Kemp, Secretary of State, filed this original action for an "Emergency Petition for Declaratory Judgment on Enforcement of Administrative Subpoena" in the superior court, requesting that the superior court order Scarborough to comply with any subpoena issued pursuant to the Secretary of State's authority under OCGA § 36-3-20 et seq. The superior court granted Kemp's motion and Scarborough filed this application for discretionary appeal.

Under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." OCGA § 5-6-34 (a) (1). It does not appear that any provision of OCGA § 5-6-35, the discretionary appeal statute, applies here.[1] Therefore, it appears that the order Scarborough seeks to appeal is directly

---

[1] Scarborough filed his application pursuant to OCGA § 5-6-35 (a) (1), which requires a discretionary application from "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies." Here,

appealable.

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Scarborough shall have ten days from the date of this order to file a notice of appeal with the trial court. If he has already filed a timely notice of appeal in the trial court, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* __11/15/2017_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

however, the superior court was not reviewing a decision of the state administrative agency, but rather issued a ruling in an original action filed by Kemp. Thus, OCGA § 5-6-35 (a) (1) is not applicable and Scarborough was not required to file a discretionary application.